# The New York Mafia
## *Shedding a Different Light on Organized Crime*

Lisa Babick | babick@thenewyorkmafia.com

July 16, 2020

The Honorable Nelson S. Roman
United States District Judge
300 Quarropas Street
White Plains, NY 10601

Re: US v. Frank Pasqua, Jr. 16CR591

Dear Judge Roman:

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's right of access to all documents relating to the sentencing of Frank Pasqua, Jr. that are currently under seal. To my knowledge, no publicly docketed motion to seal was made by the government, the defendant or defendant's counsel to seal these documents and am seeking an order to unseal the documents listed below:

- ECF No. 22 (dated 8/4/17)
- ECF No. 23 (dated 9/19/17)
- ECF No. 24 (dated 11/8/17)
- ECF No. 25 (dated 2/19/19)
- ECF No. 26 (dated 12/12/2019)
- ECF No. 28 (dated 2/28/20)
- ECF No. 29 (dated 3/2/20)
- ECF No. 30 (dated 3/3/20)
- ECF No. 31 (dated 3/13/20)

Specifically, I petition the Court to treat this application as a claim asserted by an interested party requesting the release to the public of the above documents including any memoranda, attachments, statements or letters of support submitted to the Court by the government, defendant Frank Pasqua Jr. or his counsel Avraham Chaim Moskowitz in connection to defendant Pasqua Jr's sentencing.

.

# The New York Mafia
## *Shedding a Different Light on Organized Crime*

Lisa Babick | babick@thenewyorkmafia.com

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.

In this regard, several courts have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. See, e.g., United States v. King, 140 F.3d 76, 77 (2d Cir. 1998); United States v. Haller, 837 F.2d 84, 85 (2d Cir. 1988); Herald, 734 F.2d at 96. In re Application of Herald Co., 734 F.2d 93, 96
(2d Cir. 1984).

The First Amendment guarantees the press and the public a presumptive right of access to criminal trials, as well as other pre- and post-trial documents and court proceedings. Richmond Newspapers, 448 U.S. at 580-81. While not absolute, that constitutional presumption of openness may be overcome "only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enter. Co. v. Superior Court, 464 U.S. 501, 510 (1984) ("Press-Enterprise I"); see also In re Charlotte Observer, 882 F.2d 850, 853 (4th Cir. 1989) (reversing trial court order closing change of venue hearing and sealing documents related thereto).

The presumption of access to criminal proceedings guaranteed by the First Amendment applies to sentencing hearings and documents filed in connection therewith. See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986) ("we hold that the First Amendment right of access applies to documents filed in connection with plea hearings and sentencing hearings in criminal cases, as well as to the hearings themselves"); In re Time Inc., 182 F.3d 270, 271 (4th Cir. 1999) (stating that the First Amendment right of access applies to "sentencing hearings and to documents filed in connection with such hearings"); see also In re Hearst Newspapers, L.L. C., 641 F.3d 168, 176 (5th Cir. 2011) (stating that "courts of appeals have also recognized a First Amendment right of access to documents filed for use in sentencing proceedings," and citing cases from the Second, Ninth, Eleventh, and D.C. Circuits).

This includes sentencing memoranda submitted by prosecutors and defendants. Id. Indeed, courts "consistently hold that sentencing memoranda should not be kept under seal," and evaluate the public's right to access those documents by applying First Amendment standards. United States v. Taylor, No. 5:07-cr-00123, 2008 WL 161900, at *1 (S.D.W. Va. Jan. 15, 2008) (holding that First Amendment right of access applied to sentencing memoranda, and noting that sentencing memoranda "do not contain the type of information that typically outweighs the public's right of access"); see also, e.g., United States v. Fretz, No. 7:02-cr-67-1-F, 2012 WL 1655412, at *3-*4 (E.D.N.C. May 10, 2012) (granting a motion to intervene and unsealing a motion for downward

# The New York Mafia

*Shedding a Different Light on Organized Crime*

Lisa Babick | babick@thenewyorkmafia.com

---

departure, a motion for reduction of sentence, and a motion to amend a sentence, on First Amendment grounds); United States v. Dare, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008) ("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment.").

U.S. Supreme Court and Fourth Circuit precedent, however, indicates that the constitutional presumption of access should apply to such letters, which are submitted in connection with a traditionally public process-a criminal defendant's sentencing-and shed light on the court's decision-making process as it relates to what sentence should be imposed upon the defendant. See In re Washington Post, 807 F.2d at 388-90 (holding a First Amendment right applies to documents related to sentencing); see also Company Doe, 749 F.3d at 265 (stating that it is "well settled that the public and press . have a qualified right of access to judicial documents and records filed in civil and criminal proceedings"); United States v. Chanthaboury, No. 2:12-cr-00188-GEB, 2013 WL 6404989, at *1 (E.D. Cal. Dec. 6, 2013) (stating that the First Amendment right of access applies to sentencing proceedings and related materials submitted to the court, including "'letters submitted in support of the defendant's sentencing submissions'") (quoting United States v. King, No. 10- cr-122 (JGK), 2012 WL 2196674, at *1 (S.D.N.Y. June 15, 2012))[1]

Moreover, the common law right of access also applies to sentencing letters because they are "judicial records" that, like sentencing memoranda,. plainly "play a role in the adjudicative process, ... " In re Application of the US.for an Order Pursuant to 18 USC. Section 2703(D), 707 F.2d 283, 290 (4th Cir. 2013); see also Cochran v. Volvo Grp. NA., LLC, 931 F. Supp. 2d 725, 728 (M.D.N.C. 2013) (finding a common law right of access attaches to documents "relied upon or considered by the Court"); see also United States v. Amodeo, 44 FJd 141, 145 (2d Cir. 1995) (holding that a conunon law right of access applies to documents "relevant to the performance of the judicial function and useful in the judicial process").

Indeed, other federal courts have expressly held that sentencing letters are judicial records to which the press and the public have a right to access under conunon law. See United States v. Kravetz, 706 FJd 47, 58 (1st Cir. 2013) (holding a presumptive right of access applies to both "letters annexed to the parties' sentencing submissions" and "letters sent directly to the court by third parties"); United States v. Byrd, 11 F. Supp. 3d 1144, 1149 (S.D. Ala. 2014) (sentencing letters "are judicial records that are subject to the public right of access set forth in the common law"); United States v. Tangorra, 542 F. Supp. 2d 233, 237 (E.D.N.Y. 2008) (finding a conunon law right of access to sentencing letters,

---

[1] In determining whether a First Amendment right of access attaches, courts consider "whether the place and process" at issue "have historically been open to the press and general public," as well as "whether public access plays a significant positive role in the functioning of the particular process in question/' Press-Enter. Co. v. Superior Court, 478 U.S. 1, 8 (1986) ("Press-Enterprise II"). Both "experience and logic" dictate that letters submitted in connection with a criminal defendant's sentencing proceeding are presumptively open to the public as a constitutional matter. Id.; see also In re Washington Post, 807 F.2d at 388-90.

# The New York Mafia
## *Shedding a Different Light on Organized Crime*

Lisa Babick | babick@thenewyorkmafia.com

and stating that "documents submitted by the Defendants to aid the court in the judicial function of sentencing" are presumptively open to the public, even when the court does "not rely on the documents in reaching its sentencing decision").

In short, the First Amendment and common law both provide a right of access to sentencing memoranda and sentencing letters and, accordingly, these documents may only be sealed in limited circumstances. Where the First Amendment guarantees a right of access, documents may be sealed only when "necessitated by a compelling government interest," and any sealing order entered must be "narrowly tailored to serve that interest." In re Time Inc., 182 F.3d at 271 (quotation marks omitted); see also In re Washington Post, 807 F.2d at 390 (stating that documents subject to a First Amendment right of access may be sealed only if withholding is '" essential to preserve higher values and is narrowly tailored to serve that interest"') ( quoting Press-Enterprise I, 464 U.S. at 510). Under conunon law, the presumption of access may be overcome only where a court finds "a 'significant countervailing interest' in support of sealing hat outweighs the public's interest in openness." In re Application of the US., 707 F.2d at 293 (quoting Under Seal v. Under Seal, 326 F.3d 479, 486 (4th Cir. 2003)). In conducting the common law analysis, a court may consider (1) "whether the records are sought for improper purposes," (2) "whether release would enhance the public's understanding of an important historical event," and (3) "whether the public has already had access to the information contained in the records." Id. (quoting In re Knight Pub/ 'g Co., 743 F.2d 231, 235 (4th Cir. 1984)).

The Sentencing Memorandum and sentencing letters submitted to the Court should be unsealed because no sufficiently weighty interests overcome the First Amendment and common law presumptions of access that apply to those documents. Specifically, the court must (1) provide public notice that the sealing of documents may be ordered, (2) provide interested persons an opportunity to object before sealing is ordered, (3) state the reasons, supported by specific findings, for any decision to seal documents, and ( 4) state why it rejected alternatives to sealing.

Here, Defendant's Sentencing Memorandum was filed under seal, and the sentencing letters sealed or otherwise withheld from the public, without any sealing order having been entered, and without the Court having conducted the analysis required by the First Amendment and common law. Thus, to date, neither the Court nor the parties have identified any interest that would justify keeping these documents shielded from public view.

Given the public's constitutional right of access to the Sentencing Memorandum and the sentencing letters, absent judicial findings that their sealing is "essential" to serve a "compelling government interest," the seal cannot be maintained. And, even if the Court were to identify a "compelling government interest" that requires some portion of the Sentencing Memorandum, the attachments thereto, or the sentencing letters, to remain under seal, such sealing should be no broader than necessary to serve that interest, In re Time Inc., 182 F.3d at 271, and redacted versions of those

# The New York Mafia

## *Shedding a Different Light on Organized Crime*

Lisa Babick | babick@thenewyorkmafia.com

documents should be unsealed forthwith. Likewise, in light of the public's strong interest in openness in this case, there is no countervailing interest that can overcome the common law presumption of access. In re Application of the US., 707 F.2d at 293.

For all the above reasons, as well as any statutes or judicial precedents that the Court may feel relevant, I respectfully ask that you unseal the sentencing documents, memoranda, attachments, statements or letters of support filed by government, defendant Pasqua, or defendant Pasqua's counsel as listed at the beginning of this letter.

Sincerely,


Lisa Babick