

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 26, 2020

**BY ECF AND EMAIL**
The Honorable Nelson S. Román
United States Magistrate Judge
300 Quarropas Street
White Plains, NY 10601

RE:   **United States** v. **Frank Pasqua**, 16 Cr. 591 (NSR)

Dear Judge Román:

The Government respectfully submits this letter in response to the motions of Jerry Capeci (Dkt. 33 ("Capeci Mot.")) and Lisa Babick (Dkt. 35 ("Babick Mot.")) to unseal various documents and transcripts in the above-captioned matter.  For the reasons set forth below, the Government believes that many documents and transcripts can be unsealed in whole or in part, but that portions of certain materials should remain under seal to protect the safety of the defendant and the Government's interest—long recognized in Circuit precedent—in protecting the confidentiality of cooperating witnesses.  The Government's proposed redactions have been submitted to the Court for an *in camera* review.

## A.    Background

On April 27, 2017, Pasqua pled guilty to providing narcotics to an inmate, in violation of 18 U.S.C. § 1791, as charged in Indictment 16 Cr. 591 (NSR).  Although this plea was not to a cooperation agreement, and was for conduct that the Government learned about independently rather than through Pasqua, Pasqua entered this plea while proffering with the Government and with the expectation of eventually entering a cooperation agreement.

On August 4, 2017, Pasqua pled guilty to Information S1 16 Cr. 591 (NSR), charging him with six additional counts based almost entirely on evidence provided by Pasqua himself, and unknown to the Government prior to his cooperation.  As part of this plea—which was pursuant to a cooperation agreement—Pasqua also reaffirmed his earlier plea to the original indictment.

On March 13, 2020, Pasqua appeared for sentencing by this Court.  The Government made no recommendation or argument as to the appropriate sentence for Pasqua, but moved, pursuant to § 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), that the Court sentence Pasqua in light of the factors set forth in § 5K1.1(a) of Guidelines.  This Court sentenced Pasqua to time served, or approximately 33 months' incarceration.

B.    **Applicable Law**

The press and the general public have a qualified First Amendment right to attend criminal trials so that the "constitutionally protected discussion of government affairs is an informed one." *Globe Newspaper Co. v. Superior Court for Norfolk Cty.*, 457 U.S. 596, 604-05 (1982).  Open criminal proceedings "enhance[ ] both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system" by "assur[ing] that established procedures are being followed and that deviations will become known." *Press–Enterprise Co. v. Superior Court of California, Riverside Cty.*, 464 U.S. 501, 508 (1984).

The qualified First Amendment right of access to criminal trials encompasses a qualified right to attend sentencing proceedings.  *United States v. Alcantara*, 396 F.3d 189, 199 (2d Cir. 2005).  "Access to sentencing proceedings allows the public to understand the reasons behind a given sentence, a value reflected in 18 U.S.C. § 3553(c), which states that sentencing shall be held in open court, in part to 'enable the public to learn why defendant received a particular sentence.'" *United States v. Armstrong*, 185 F. Supp. 3d 332, 335 (E.D.N.Y. 2016) (quoting *Alcantara*, 396 F.3d at 206).

The public also has a qualified First Amendment right to access judicial documents if they are "derived from or are a necessary corollary of the capacity to attend the relevant proceedings," or if "logic and experience" support such access—that is, if access "plays a significant positive role in the functioning of the particular process in question" and the documents "have historically been open to the press or general public." *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 92–93 (2d Cir. 2004) (quotations omitted) (finding a qualified First Amendment right to access criminal docket sheets); *see also United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (discussing common law presumption of access to documents concerning cooperation and noting that, "[w]here filing with the court is unusual or is generally under seal," presumption of access is weaker).

"The qualified First Amendment right of access should be abridged only where there is a higher value or compelling interest that will be significantly harmed by public access and the sealing is narrowly tailored to protect that interest." *Armstrong*, 185 F. Supp. 3d at 336 (citing *Globe Newspaper*, 457 U.S. at 606–07; *United States v. Aref*, 533 F.3d 72, 82 (2d Cir. 2008)). "The safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access." *Id.* (citation omitted). So too can the government's interest in the secrecy of its investigations and in securing cooperation in future cases. *See id.* (citing *United States v. Smith*, 985 F. Supp. 2d 506, 531 (S.D.N.Y. 2013); *Amodeo*, 71 F.3d at 1050).  Where release of information "is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Amodeo*, 71 F.3d at 1050; *see United States v. LeRoux*, No. 14 Cr. 75 (RA), 2020 WL 3051261, at *1 (S.D.N.Y. June 8, 2020).

### C.    Discussion

Mr. Capeci and Ms. Babick have moved for the unsealing of docket entries 22 to 26 and 28 to 31, as well as any relevant transcripts.  (Capeci Mot. 3-4; Babick Mot. 1).  The below chart identifies what the Government understands to be the relevant sealed documents and transcripts,[1] and states the Government's position as to each:

| Docket Entry | Description | Government's Position |
|---|---|---|
| 22 | Information, waiver of indictment | Unseal |
| 23 | Magistrate Judge's recommendation to accept plea | Unseal |
| 24 | Court's order accepting plea | Unseal |
| 25 | Minute entry for remand of defendant[2] | Unseal |
| 26 | Endorsed letter from the U.S. Probation Office | Unseal |
| 28 | Defendant's sentencing submission | Strike |
| 29 | Defendant's corrected sentencing submission | Unseal Partially |
| 30 | Government's sentencing submission | Unseal Partially |
| 31 | Order of release and judgment | Unseal |
| 8/4/2017 Tr. | Guilty plea transcript | Unseal Partially |
| 2/19/19 Tr. | Remand proceedings transcript | Not available |
| 3/13/20 Tr. | Sentencing transcript | Unseal Partially |

The Government believes that the defendant's original sentencing submission (Dkt. 28) should be stricken, as it ceased to be an operative document once the defendant filed a corrected submission, and in any event the original submission is largely identical to the corrected submission.

The Government has ordered the transcript of the February 19, 2019 proceeding in which Pasqua was remanded, but the court reporters have informed the Government that the transcript cannot be prepared so long as the audio recording of that appearance remains sealed.  The Government therefore respectfully respects that the Court order a limited unsealing of the audio recording, so that a transcript may be prepared for the Government, the defendant, and the Court.  Once that transcript is available, the parties will provide a copy to the Court, noting any requested redactions before full unsealing.

---

[1]    Due to the COVID-19 pandemic, the Government was not able to view documents maintained under seal by the Clerk of the Court.  To the extent the Government has misidentified the document represented by any docket number, the Government respectfully requests that its views and the views of the defendant's counsel be sought prior to disclosure of the misidentified document.

[2]    This docket entry may include Magistrate Judge McCarthy's order providing for the defendant's medical treatment.  That order should remain under seal because it concerns Pasqua's personal health information.

The Government has separately provided to the Court and to the defendant the redactions it believes would be appropriate for documents that should remain partially under seal. The Government requests continued sealing, as reflected by the proposed redactions, of three categories of information: (1) information concerning third parties; (2) information relating to Pasqua's personal history and medical conditions; and (3) information about Pasqua's location that, if disclosed, would compromise his safety. For the reasons set forth below, the Government submits that there are compelling reasons to maintain this information under seal.

First, the information concerning third parties should remain sealed to protect the privacy interests of those individuals. This information largely concerns Pasqua's friends, family, and individuals with whom Pasqua reported engaging in criminal activity. It is well-established that such third party privacy interests "should weigh heavily in a court's balancing equation." *Amodeo*, 71 F.3d at 1050. As the Second Circuit explained, "[c]ourts have long declined to allow public access simply to cater 'to a morbid craving for that which is sensational and impure.'" *Id.* (quoting *In re Caswell*, 18 R.I. 835, 836, 29 A. 259, 259 (1893)). Moreover, the public value of this information is minimal. There is no recognized public interest in the personal affairs of third parties, and to the extent the criminal acts of others bore upon *United States v. Madonna et al.*, 17 Cr. 89 (CS), those proceedings were public and the relevant information can be found in the transcripts of that case, thereby "diminish[ing] the urgency of the public's need for the sealed materials." *Armstrong*, 185 F. Supp. 3d at 335.

Second, information concerning Pasqua's personal history and medical conditions should remain sealed. The crimes to which Pasqua pled guilty are contained in the Information and in portions of the sentencing transcript which the Government agrees should be unsealed, therefore reducing the public interest in also obtaining the narrative of these crimes contained in the redacted documents. *See id.* Moreover, Pasqua's privacy interests and the interests of the Government in securing future cooperating witnesses weigh against unsealing. *See id.* at 338 (recognizing that "where cooperators' candid participation, offered at risk to themselves, is central to the administration of justice, it is fair, and appears fair, for courts to acknowledge and weigh heavily the government's attempts to protect those cooperators"). This concern is particularly salient in the context of organized crime investigations. The tenets of La Cosa Nostra expressly disavow cooperation with law enforcement and require retaliation against informants, creating an environment where those who cooperate do so at the risk of their safety, making securing cooperation from those in a position to know inherently difficult.

Third, any information that could be used to ascertain Pasqua's location should remain sealed to protect Pasqua's safety. La Cosa Nostra is a violent organization and Pasqua provided testimony against the leadership of the Luchese Family. Thus, the Government and the defendant have a compelling interest in ensuring that Pasqua remains safe and that his location remains confidential. *See LeRoux*, 2020 WL 3051261, at *1 ("The safety of a cooperating defendant can constitute a compelling interest that may be weighed against a First Amendment presumption of access." (citing *Armstrong*, 185 F. Supp. 3d at 336)). Accordingly, this portion of the documents should not be unsealed.

4

**D.      Conclusion**

For the reasons set forth above, the Government respectfully requests that the motions to unseal be granted in part and denied in part.  The Government further requests that the attachments to this letter, containing the proposed redacted versions of the requested documents, be filed under seal.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

By:        _____/s/_____
Hagan Scotten
Assistant United States Attorney
(212) 637-2410

cc:    Avraham Moskowitz, Esq., Counsel to Frank Pasqua (by electronic mail)