

## M O S K O W I T Z   &   B O O K ,   L L P

Avraham C. Moskowitz
Partner
amoskowitz@mb-llp.com

345 Seventh Avenue
New York, NY 10001
Phone: (212) 221-7999
Fax: (212) 398-8835

August 26, 2020

**BY EMAIL WITH REQUEST**
**FOR FILING UNDER SEAL**

The Honorable Nelson S. Román
United States District Judge
300 Quarropas Street
White Plains, NY 10601

> Re:     United States v. Frank Pasqua, Jr.
>              16 Cr. 591 (NSR)

Dear Judge Román:

This firm represents the defendant, Frank Pasqua, Jr. in the above-captioned matter.  This letter is respectfully submitted to provide the Defendant's position concerning the two pending letter motions to unseal documents previously filed in this matter.  The first letter motion, filed by Jerry Capeci of Gang Land News, seeks unsealing of "the entire case file.  The second, filed by Lisa Babick of The New York Mafia, seeks the unsealing of ECF documents 22 through 27 and 28 through 31.  We respectfully request that the Court accept this letter for filing under seal.

The Defendant believes that most of the sealed documents and docket entries should be unsealed, provided that any medical information contained therein is redacted.  Specifically, the Information, waiver, and minute entry for Mr. Pasqua's plea of guilty (ECF 22); the letter from Mag. Judge McCarthy to Your Honor, recommending that Mr. Pasqua's plea be accepted (ECF 23); Your Honor's Order accepting the plea (ECF 24); the So-Ordered request by the Probation Department that Mr. Pasqua be brought to New York (ECF 26); and the March 13, 2020 Order of Release and Judgment (ECF 31) should be unsealed.  The February 19, 2019 minute entry should be unsealed after redacting any medical information contained therein, and the medical order entered that day should remain under seal (ECF 25).  Similarly, the transcripts of Mr. Pasqua's plea, remand, and sentencing should be unsealed after being redacted.[1]

---

[1] The defense has reviewed, and is amenable to, the Government's proposed redactions to the plea and sentencing transcripts.  The remand transcript has not yet been received, and the parties respectfully request leave to propose redactions to that transcript once it becomes available and before it is unsealed.

Hon. Nelson S. Román
August 26, 2020
Page 2

It is respectfully submitted that the sentencing letters submitted by the Defendant and the Government (ECF 29 and 30) should remain under seal, [2] or should be released only with substantial redactions, because the Government's interest in obtaining cooperation from future defendants and the risk to the Defendant's safety, and the safety of his family, outweigh the public's qualified First Amendment interest in access to those materials. [3]

The press and the general public have a qualified First Amendment right to attend criminal trials, which encompasses a qualified right to attend sentencing proceedings. United States v. Alcantara, 396 F.3d 189, 199 (2d Cir. 2005). The qualified right of access extends to documents that are "derived from or are a necessary corollary of the capacity to attend [ ] proceedings," at least where similar documents "have historically been open to the press or general public." Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 92–93 (2d Cir.2004). Nevertheless, documents may be sealed if "'specific, on the record findings ... demonstrating that closure is essential to preserve higher values and [any imposed restriction] is narrowly tailored to serve that interest.'" Alcantara, 396 F.3d at 199 (quoting United States v. Haller, 837 F.2d 84, 87 (2d Cir.1988); see also United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir.1995) (noting that, "[w]here filing with the court is unusual or is generally under seal," presumption of access is weaker).

Courts in the Second Circuit and elsewhere frequently seal documents that relate to a defendant's cooperation, particularly when those documents contain significant detail about the nature and scope of the defendant's cooperation. United States v. Armstrong, 185 F. Supp. 3d 332, 335 (E.D.N.Y. 2016) (explaining that sentencing memoranda that implicate cooperation are often filed under seal, citing a national survey that found sealing to be the "most common action taken by the district courts [to protect cooperators]," often sua sponte, and retaining seal on sentencing submissions).

Maintaining the seal over the sentencing submissions (or at a minimum, releasing them only in redacted form) is essential to protect the safety of Mr. Pasqua ███████████. The Court is well familiar with La Cosa Nostra's code of silence and the lengths to which members and associates of organized crime families will go to mete out brutal punishments to individuals believed to have cooperated with law enforcement. ████████████████████████



███████ Although Mr. Pasqua has been identified in press accounts (including the movants' web sites) as a cooperating witness, he has not testified publicly, ████████████████ ████████████████████████████

---

[2] The defendant's initial sentencing submission, (ECF 28) was superseded by a corrected submission (ECF 29) shortly after it was filed. We respectfully request that the initial submission remain under seal, or be stricken from the docket as superseded, in that it does not contain any information not also included in the corrected submission. The defense has reviewed the Government's proposed redactions to the defendant's corrected sentencing submission and the 5K letter, and believes those redactions are appropriate if the Court concludes that the sentencing submissions should not remain sealed in their entirety. ██████████████ █████████████ ██████████ we respectfully request that the letter exhibits to the defense submission remain under seal.

[3] Because the documents at issue are within the purview of the narrow but strong First Amendment presumption of access, the Court need not determine whether the broader, weaker common-law interest in access is also implicated.

Hon. Nelson S. Román
August 26, 2020
Page 3

█████████████████████████████████████████████████████████████████
███████ but such details are contained in the sentencing submissions.  Although members of organized crime are already aware that Mr. Pasqua has cooperated, ████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████

Retaining the seal on the sentencing submissions is also necessary to preserve the Government's ability to obtain substantial cooperation from similarly-situated individuals in the future.  As Judge Gershon explained in Armstrong, supra,

> [T]he government's ability to secure current and future cooperation from defendants depends on the government's ability to convince them to accept some risk, and on its ability to minimize this risk where it can. To this end, the government must be able to represent to cooperators that it can and will make efforts to keep the nature and scope of cooperation confidential. Of course, a cooperator's identity may emerge at trial, if one occurs, or at sentencing, as it did here. It may be gleaned from the appearance of sealed entries on the docket sheet. Nonetheless, the government should be able to make a good-faith representation to a cooperator, at the time cooperation is initiated, that it will take reasonable efforts to protect him from retaliation. It cannot make this representation if it believes the court will routinely unseal government submissions detailing cooperation upon a third-party request once the proceedings have concluded.

Armstrong, 185 F. Supp. 3d at 337 (E.D.N.Y. 2016).  If other members and associates of La Cosa Nostra come to believe that they cannot provide information to the Government without the full details of their cooperation being made known upon request by organizations like The New York Mafia and Gangland News, they are unlikely to do so—and the Government's ability to bring cases against organized crime figures will be hindered accordingly.

Finally, it is submitted that sealing of the sentencing submissions is narrowly tailored to preserve Mr. Pasqua's interest in his safety and the Government's interest in obtaining future cooperation.  Mr. Pasqua was sentenced in a lengthy and detailed proceeding in which the Court stated on the record its reasoning in imposing sentence.  Mr. Pasqua agrees that the transcript of that proceeding, redacted appropriately, should be unsealed.  The public therefore has all the information necessary "to ensure that [the] constitutionally protected discussion of governmental affairs is an informed one" even without access to the sentencing submissions.  Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 604-05 (1982) (quotation marks omitted).  Accordingly, unsealing the sentencing submissions would not significantly further the public's interest in information, and maintaining the seal will not implicate "the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." Alcantara, 396 F.3d at 195 (quoting Press-Enter. Co. v. Superior Court of California, Riverside Cty., 464 U.S. 501, 508 (1984).

Hon. Nelson S. Román
August 26, 2020
Page 4

Thus, sealing the sentencing submissions "is essential to preserve higher values"—the safety of Mr. Pasqua ███████████ and the Government's ability to obtain cooperation in the future. Maintaining the sentencing submissions under seal, while releasing the rest of the documents and transcripts with appropriate redactions, is a remedy narrowly tailored to preserve those values. Accordingly, the sentencing submissions should be maintained under seal.

Respectfully submitted,

Avraham C. Moskowitz

Christopher R. Neff

cc: AUSA Hagan Scotten (via e-mail)