UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -against-

FRANK PASQUA, III,

                         Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/2020

16-cr-591 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    *Pro se* intervenors, Ms. Lisa Babick, a journalist affiliated with The New York Mafia, and

Mr. Jerry Capeci, a journalist and founder of Gang Land News, (collectively, "Intervenors") have

filed separate motions asking this Court to unseal nine docket entries, and three transcripts of

proceedings that took place before the Court, in connection with the above-captioned criminal case

against Defendant Frank Pasqua, Jr. ("Pasqua" or "Defendant"). More specifically, Intervenors

seek the unsealing of the following docket entries: (1) the information and waiver of indictment

(ECF No. 22); (2) Magistrate Judge's recommendation to accept plea (ECF No. 23); (3) this

Court's Order accepting Defendant's plea (ECF No. 24); (4) Minute entry for remand of Defendant

(ECF No. 25); (5) an endorsed letter form the U.S. Probation Officer (ECF No. 26); (6)

Defendant's sentencing submission (ECF No. 28); (7) Defendant's corrected sentencing

submission (ECF No. 29); (8) Government's sentencing submission (ECF No. 30); and (9) the

Court's Order of release and Judgment (ECF No. 31). Intervenors also seek the unsealing of

several transcripts of proceedings before the Court and Magistrate Judge including: (A)

Defendant's guilty plea on August 4, 2017; (B) remand proceedings on February 19, 2019; and

(C) sentencing before this Court on March 13, 2020. The Government and Defendant have

opposed unsealing without the application of certain proposed redactions.

For the reasons set forth below, Intervenors' motions are GRANTED in part, and DENIED in part.

## I.     Justifications for Unsealing Documents with Redactions

The Second Circuit recently set forth the legal standards regarding public access to judicial documents, as follows:

> Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution. *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*"); *see also Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (describing right of public access as "firmly rooted in our nation's history"). That right includes "a general right to inspect and copy" such judicial documents. [*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).] To determine whether the presumption attaches to a particular record, our Court engages in a three-step inquiry. *See Lugosch*, 435 F.3d at 119-20.
>
> First, the court determines whether the record at issue is a "judicial document"—a document to which the presumption of public access attaches. *Id.* at 119. Not all documents filed with the court are "judicial" documents. Rather, a judicial document is one that has been placed before the court by the parties and that is "relevant to the performance of the judicial function and useful in the judicial process." *Amodeo I*, 44 F.3d at 145.
>
> Next, if the record sought is determined to be a judicial document, the court proceeds to "determine the weight of the presumption of access" to that document. *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014). The weight to be accorded is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." [*United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*").]
>
> Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access. *Id.* at 1050. Although the public's right is strong, it is "not absolute." *Nixon*, 435 U.S. at 598, 98 S.Ct. 1306. Countervailing considerations that courts may consider include "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Amodeo II*,

> 71 F.3d at 1050. If, at the end of this process, the balance of the factors tips against permitting public access, then the court may deny disclosure.

*Mirlis v. Greer*, 952 F.3d 51, 58-59 (2d Cir. 2020) (footnotes omitted).  There is no dispute in the instant matter that the documents at issue are judicial records.  Accordingly, there is a presumptive right of access by the public to the documents at issue here, and the remaining task for the Court is to balance the factors weighing against permitting public access and the presumptive right of access.

In the instant matter, certain of the documents contain information that, if made public, would place third parties and the Defendant in danger.  Defendant's criminal case involves his participation in a criminal organization that expressly disavows cooperation with law enforcement and demands violent retaliation against informants.  (ECF No. 37 at 4.)  The threat of retribution extends to individuals close to the Defendant.  Courts in the Second Circuit have routinely permitted the sealing of information under such circumstances.  *See Doe v. Lerner*, 688 Fed. App'x 49, 50 (2d Cir. 2017); *United States v. Caicedo Velandia*, No. 10-CR-00288-01, 2019 WL 6913524, at *2 (E.D.N.Y. Dec. 19, 2019); *United States v. Armstrong*, 185 F. Supp. 3d 332, 336 (E.D.N.Y. 2016); *United States v. Loera*, No. 09-CR-466 (BMC), 2018 WL 5906846, at *5 (E.D.N.Y. Nov. 11, 2018); *Walker v. City of New York*, No. 15 CV 500 (NG) (ST), 2017 WL 2799159, at *6 (E.D.N.Y. Jun. 27, 2017); *United States v. Doe*, No. 14-CR-438 (PKC), 2014 WL 11515832, at *2 (E.D.N.Y. Oct. 30, 2014).  In fact, Intervenor Capeci agrees and notes that he "has no objection to deleting [*i.e.*, redacting and keeping under seal] 'information about Pasqua's location' from the transcripts and any information that the Court finds will 'compromise his safety.'"

The documents also contain information relating to the privacy of innocent third parties. Many of the third parties, whose identities will not be expressly referenced in the Opinion and

3

Order, are not alleged to have participated in criminal activities.  As the Second Circuit has repeatedly recognized "'[t]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation.'"  *Amodeo II*, 71 F.3d at 1050 (quoting *Application of Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990); *see also In re Pishevar*, No. 119MC00503JGKSDA, 2020 WL 1862586, at *7 (S.D.N.Y. Apr. 14, 2020); *United States v. Basciano*, No. 03-CR-00929 (NGG), 2008 WL 123952, at *1 (E.D.N.Y. Jan. 11, 2008) ("I find that the presumption of public access usually accorded to judicial documents is diminished in this case by the countervailing law enforcement privileges and innocent-third-party privacy interests of the MCC staff that are implicated by the affidavits.").  Intervenor Capeci argues correctly that *Amodeo II* should not be read so broadly as to keep all information concerning third parties sealed.  However, the Court notes that the vast majority of third-party related redactions proposed in the sealed documents (as discussed below) concern innocent third parties, which fall squarely within the type of information properly redacted pursuant to *Amodeo II*.

Finally, certain documents also contain information relating to Defendant's personal and medical history.  As a general matter, "information such as personal identifiers, family medical information, or information about victims or witnesses might warrant privacy protection, other personal information concerning the defendant should be disclosed, particularly when it serves as the basis for sentencing advocacy."  *United States v. Strevell*, No. 05-CR-477(GLS), 2009 WL 577910, at *5 (N.D.N.Y. Mar. 4, 2009).  One court recognized that "[t]here is a split of authority among district courts in the Second Circuit on the question of whether the defendant's information can be redacted from sentencing submissions."  *United States v. Gotti*, No. 17-CR-127 (ARR), 2017 WL 5027990, at *2 (E.D.N.Y. Oct. 30, 2017).  *Gotti* ultimately held that continued sealing was warranted because the redacted information implicated the privacy interests of a third party

and the defendant did not affirmatively submit the information as part of a sentencing memorandum. *Id.* Here, by contrast, Defendant's medical information was submitted in the form of sentencing advocacy – *e.g.*, aspects of his medical condition were identified as a basis for certain sentencing conditions. Additionally, Defendant and the Government did not argue, nor does a review of the documents reveal, that the disclosure of Defendant's medical condition would imperil third party privacy interests.

Accordingly, and as discussed in more detail below, where medical information is disclosed in order to advance sentencing advocacy and forms a basis for some aspect of the sentencing determination it is not appropriate to remain sealed. The Court reaches this holding with misgivings, as it is clear that the disclosure of Defendant's medical condition may subject him to further stigma beyond and separate from the condemnation expressed in his criminal conviction. Accordingly, to the extent that Defendant's medical condition is referenced separate and apart from his sentencing advocacy, it should remain sealed.

\*       \*       \*

As set forth in more detail below, we examine each sealed document to determine whether and what information qualifies for redaction or sealing based on the need to preserve higher values.

## II.   **Application of Principles to Specific Documents and Transcripts**

### A.   *The Superseding Information and Consent to Proceedings*

ECF No. 22 contains the superseding information and Defendant's consent to proceedings. The Government has taken the position that the sealed documents can be unsealed. The Defendant has taken the position that the sealed documents can be unsealed provided that any medical information contained therein is redacted. Upon reviewing the document in camera, the Court has not identified any medical information and concludes that it can be unsealed.

Accordingly, the Court grants Intervenors' motions to the extent they seek the unsealing of ECF No. 22 without redactions.

    B.    *The Guilty Plea Report and Recommendation and Endorsed Memorandum (ECF No. 23), and the Guilty Plea Transcript*

ECF No. 23 contains the transcript of Defendant's guilty plea where Magistrate Judge McCathy's made her Report and Recommendation from the bench to accept Defendant's guilty plea. This entry also contains a transmittal memorandum stating, in sum, "Please find attached a transcript of the August 4, 2017 plea allocution over which I presided, setting forth my Report and Recommendation to you. Please let me know if I can be of further assistance." ECF No. 23 also contains a letter from AUSA Hartman, dated September 18, 2020, endorsed by the Court on September 19, 2020. The Government takes the position that ECF No. 23 can be unsealed entirely, and the Defendant requests redactions if the document contains medical information.

Separately, however, the Government has taken the position that the Guilty Plea Transcript (as a freestanding document separate from ECF No. 23) should be redacted because certain information contained therein would, if disclosed, endanger the Defendant—*i.e.*, information from which his location might be inferred, and/or affect the privacy interests of innocent third parties. This is inconsistent with its position that the ECF No. 23 should be unsealed considering that ECF No. 23 contains, among other things, the Guilty Plea Transcript.

Upon conducting an in-camera review of the sealed documents, the Court finds that both ECF No. 23, and the Guilty Plea Transcript (which, to repeat, are identical except that ECF No. 23 contains a transmittal memorandum and letter) contain protected information including: (1) information affecting the privacy interests of innocent third parties; and (2) information relating to the Defendant from which his location may be inferred. Given that the Government separately requested redactions to the Guilty Plea Transcript, and has represented to the Court

that it was unable to access certain sealed documents due to the ongoing COVID-19 pandemic (*see* ECF No. 37), the Court concludes that the Government's position that ECF No. 23 can be unsealed in its entirety was in error and attributable to its inability to access the sealed records.

The Court finds that the Government has met its burden in demonstrating that continued sealing through its proposed redactions to the Guilty Plea Transcript would vindicate the higher interests of protecting privacy information of innocent third parties and information relating to Defendant upon which his safety could be compromised, and that these interests outweighs the presumptive right to access.

As this Court finds that the narrow redactions to the Guilty Plea Transcript are appropriate in order to preserve higher values, it follows that identical redactions should be applied in ECF No. 23.  In order to ensure that the identical redactions are applied to ECF No. 23, the Court orders limited unsealing of ECF No. 23 to the Government, for the purposes of preparing a redacted copy of ECF No. 23, applying the same redactions as it did with respect to the Guilty Plea Transcript.  The Government is directed to submit such a redacted version of ECF No. 23 for public docketing no later than thirty (30) from the entry of this Order.

Accordingly, Intervenors' motion is GRANTED to the extent it seeks the unsealing of ECF No. 23 and the Guilty Plea Transcript with redactions and DENIED to the extent it seeks the unsealing of ECF No. 23 and the Guilty Plea Transcript without redactions.

C. *The Court's Order Accepting Judge McCarthy's Report and Recommendation*

ECF No. 24 contains the Court's Order accepting Magistrate Judge McCarthy's Report and Recommendation to accept Defendant's guilty plea, dated November 8, 2017.  Attached to this order is the full contents of ECF No. 23.  The Order itself does not contain any protected information.  It states, "The Court has reviewed the transcript of the August 4, 2017 plea allocution in the above entitled case, the charging papers, and all other pertinent parts of the

7

record.  The Report and Recommendation of the Honorable Judith C. McCarthy, United States

Magistrate Judge, dated September 19, 2017, is approved and accepted."

As is indicated by the full recitation of the Order, there is no protected information

contained in the Order itself, and it may be unsealed.  However, for the reasons discussed above,

Magistrate Judge McCarthy's Report and Recommendation—*i.e.*, the Guilty Plea Transcript—is

only to be unsealed with the redactions proposed by the Government.  Accordingly, the Court

orders limited unsealing of ECF No. 23 to the Government, for the purposes of preparing a redacted

copy of ECF No. 24, applying the same redactions as it did with respect to the Guilty Plea

Transcript.  The Government is directed to submit such a redacted version of ECF No. 24 for

public docketing no later than thirty (30) from the entry of this Order.

Accordingly, Intervenors' motion is GRANTED to the extent it seeks the unsealing of ECF

No. 24 with redactions and DENIED to the extent it seeks the unsealing of ECF No. 24 without

redactions.

#### D.       *Docket Entry Number 25*

The Government has stated that it does not oppose the unsealing of ECF No. 25, which it

characterizes as a minute entry for remand of Defendant.  The Defendant characterizes ECF

No. 25 as containing "the medical order entered that day [*i.e.*, February 19, 2019]."  The

Court  reviewed ECF No. 25 in camera and found that both parties are mistaken as to the

contents of the entry.  It instead appears that ECF No. 25 contains a letter from the Government

dated February 19, 2019, requesting that certain documents filed in this matter remain under seal.

The Order is presumptively accessible to the public.  Nonetheless, based upon the Court's

in camera review of ECF No. 25, it is conceivable that the Government or Defendant could

articulate a colorable argument that disclosure of this entire document without redactions might

harm "government's ability to secure current and future cooperation from defendants" by

disrupting their ability "to represent to cooperators that it can and will make efforts to keep the nature and scope of cooperation confidential." *Armstrong*, 185 F. Supp. 3d at 337. To be sure, the Court does not concude that any interest that the Government or Defendant might articulate would amount to "a higher value or compelling interest that will be significantly harmed by public access" nor has the Court received proposed redactions to ECF No. 25 that it could analyze to determine whether they were "narrowly tailored to protect that interest." *Id.* at 336.

The Court is cognizant that delaying ruling on Intervenors' motions will further delay disclosure of these materials, but the Court considers it provident to afford the Government and Defendant an opportunity to view ECF No. 25. Accordingly, the Court orders the immediate limited unsealing of ECF No. 25 to the Government and Defendant, for the limited purpose of reviewing the document, and determining whether either party seeks to propose any redactions. In the event that the Government and Defendant intend to oppose disclosure, or seek to propose redactions, they are directed to file a short supplemental letter within ten (10) days of entry of this order advising whether they oppose the unsealing of ECF No. 25. To the extent that either the Government or Defendant files a supplemental letter opposing the filing of ECF No. 25, Intervenors are permitted to file a reply in further support of their motions no later than twenty (20) days after the entry of this Opinion.

The Court grants Intervenors' motions to the extent it seeks disclosure of ECF No. 25 to the public, but orders that ECF No. 25 only be unsealed on a limited basis to the Government and Defendant immediately. Absent further Order from this Court, ECF No. 25 is ordered to be unsealed to the public in thirty (30) days. During this thirty-day period, the Government and Defendant shall have access to the docket entry and, if they seek to oppose full

disclosure, will have an opportunity to raise their opposition pursuant to the briefing schedule established herein.

E.     *Order Granting Transportation of Defendant dated December 12, 2019 (ECF No. 26)*

ECF No. 26, though described as a letter from the U.S. Probation Office in the Government's memorandum, actually contains an original Order of the Court dated December 12, 2019, directing that Defendant be transported to the Court for the purposes of permitting the U.S. Probation Office to conduct a presentence interview.  It appears that the misunderstanding as to the contents is marginal, as Defendant characterizes the document as a "So-Ordered request by the Probation Department that Mr. Pasqua be brought to New York."  In other words, the subject matter is the same, except that instead of endorsing a letter from U.S. Probation Office, the Court entered an original order and did not make the letter a part of the docket entry.  The Court does not think that further limited inspection prior to disclosure would enable Defendant or Government to articulate a colorable position that this Order contains protected information.

Accordingly, Intervenors motions are GRANTED to the extent that they seek the unsealing of ECF No. 26 without any redactions.

F.     *Government's Sentencing Submission (ECF No. 30)*

The Government requests that the Court continue to partially seal all parties' sentencing memoranda and the sentencing transcript—*i.e.*, to only unseal redacted copies of each of these documents—and keep the attachments to Defendant's sentencing submission entirely under seal. Defendant argues that the sentencing submissions should remain entirely under seal and that the sentencing transcript can be unsealed subject to the Government's proposed redactions.

 "It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records." *United States v. Dare*, 568

F. Supp. 2d 242, 244 (N.D.N.Y. 2008) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984); *In re The New York Times Co.*, 828 F.2d 110 (2d Cir.1987); *Lugosch*, 435 F.3d 110).  "When the public is aware that the law is being enforced and the criminal justice system is functioning, an outlet is provided for [public concern]. Proceedings held in secret would deny this outlet and frustrate the broad public interest; by contrast, public proceedings vindicate the concerns of the victims and the community in knowing that offenders are being brought to account for their criminal conduct by jurors fairly and openly selected." *Press–Enterprise Co.*, 464 U.S. at 508-09.

Nonetheless, as discussed above, the Government and Defendant have articulated certain interests upon which redactions would serve the higher interest of protecting the privacy of innocent third parties, preventing danger to cooperating witnesses, and enabling Government to obtain cooperation in connection with future investigations.  The interest in protecting the privacy of innocent third parties is established by redacting content described below:

- Pages 2 through 6 contain references to criminal conduct committed by Defendant in his youth, none of which forms the basis of charges to which Defendant pleaded guilty.  The Government persuasively argues that their ability to obtain future cooperation would be compromised if this information was disclosed.

- Pages 7-8, described herein at a high level to avoid inadvertent disclosure, detail instances of domestic turmoil, the disclosure of which would certainly invade the privacy of innocent third parties, and do not appear to form the basis for any charges to which Defendant pleaded guilty;

- Page 9, which contains a description of Defendant's arrest, also references an innocent third party.  The full disclosure of the redacted content would invade the privacy of that innocent third party.

- Pages 2 through 9 also contains information that potentially endangers Defendant insofar as it reveals the full extent of Defendant's cooperation with the Government—*i.e.*, the disclosure of criminal conduct besides what is already publicly known.

- Page 14 contains a description of Defendant's personal relationship with unindicted third parties that would invade the privacy of those third parties if released.

Additionally, though certain of Defendant's criminal conduct for which he was convicted and sentenced is contained within the redacted content between pages 2 and 9, the disclosure of the Sentencing Transcript and Superseding Information will provide the public with access to both the on-the-record bases upon which the Court rendered its sentencing determination and the bases upon which Defendant was indicted by the Government.

Nonetheless, certain redactions are not supported by legal authority cited by Defendant or the Government.  These include the following:

- The redaction on page 11 appears to have been inserted because it discloses information relating to Defendant's medical condition.  As discussed, the parties made Defendant's medical condition part of the judicial record and advocated for sentencing conditions on the basis of that condition.  Accordingly, it is subject to disclosure and the redaction should be removed.

- The redaction on page 12 concerning the conduct to which Defendant has admitted does not appear to be supported by any of the higher values asserted by Defendant or the Government and should be removed.

Intervenors motions are GRANTED to the extent they seek the redacted disclosure of ECF No. 30, and DENIED to the extent they seek the unredacted disclosure of ECF No. 30.  The Government is ordered to prepare and submit for docketing a redacted version of the ECF No. 30 by removing the unapproved redactions within thirty (30) days of this entry.

G.    *Defendant's Corrected Sentencing Submission (ECF No. 29),*

Similarly, the Court credits many of the proposed redactions to Defendant's corrected sentencing submission (ECF No. 29).  The vast majority of the redactions occur between pages 3 and 9.  The redaction of this information would serve several higher interests.  First, pages 3 through 4 contain personal information relating to Defendant and innocent third parties that is unrelated to the conduct for which the Court sentenced Defendant.  At a high level, this could be described as personal details from the Defendant's youth that, if disclosed, could invade the privacy of Defendant and unrelated third parties.  Pages five through nine discuss personal

details of innocent third parties, the disclosure of which would both invade their privacy and endanger the innocent third parties via their association with Defendant. The redactions and continued sealing of that information would serve the aforementioned higher interests, and the Court accordingly authorizes the continued sealing of the redacted information. On the other hand, the information redacted on page thirteen relating to Defendant's medical condition is not subject to redaction or continued sealing.

The exhibits to Defendant's sentencing submission consist of letters of support from innocent third parties that the Court finds are subject to continued sealing in their entirety. Based upon an in camera review of the letters at issue, the Court credits the concern expressed by the Government and Defendant that the disclosure of these letters would endanger those innocent third parties. *See Lerner*, 688 Fed. Appx. at 50; *Armstrong*, 185 F.Supp.3d at 336; *United States v. Loera*, No. 09-CR-466 (BMC), 2018 WL 5906846, at *5 (E.D.N.Y. Nov. 11, 2018); *Walker*, 2017 WL 2799159, at *6; *Doe*, 2014 WL 11515832, at *2. In order to protect the higher interest of ensuring the safety of innocent third parties—*i.e.*, the authors of letters supporting Defendant who face increased risk of violent retribution by a criminal organization should their letters be disclosed—the Court concludes that the exhibits to Defendant's sentencing submission should remain under seal.

Accordingly, Intervenors motions are GRANTED to the extent they seek the redacted disclosure of ECF No. 29, and DENIED to the extent they seek the unredacted disclosure of ECF No. 29. The Government is ordered to prepare and submit for docketing a redacted version of ECF No. 29 by removing the aforementioned rejected redactions within thirty (30) days of entry of this Order.

> H.    *Defendant's Initial Sentencing Submission (ECF No. 28)*

With respect to Defendant's initial sentencing submission (ECF No. 28), an in camera review of both that submission and the Corrected Sentencing Submission (ECF No. 29) revealed that they are nearly identical – *i.e.*, the Court did not identify any substantive revisions.  In any event, the transcript of the sentencing (which, as described below, will be unsealed with certain redactions), does not evidence any reliance upon the initial sentencing submission.

Given that the initial sentencing submission ceased to be the operative submission once Defendant submitted the Corrected Sentencing Submission, the Government and Defendant encourage the Court to strike the document or keep the submission sealed.  The Defendants did not move to strike the document for over six months after initially filing the document, and does not presently set forth what criteria the Court must consider when determining whether to strike a document.

The additional value of disclosure of ECF No. 28 appears quite low insofar as the Court has already provided for the partial disclosure of ECF No. 29, which contains identical content. However, the value in keeping ECF No. 28 entirely sealed is almost nonexistent because it contains identical content to ECF No. 29.  While the competing interests are both quite low, the party opposing disclosure bears the burden of establishing a higher interest that supports nondisclosure. Accordingly, the Court holds that: (1) neither Government nor Defendant have articulated a basis to strike ECF No. 28; and (2) neither Government nor Defendant have met their burden to seal ECF No. 28 beyond the redactions that the Court has approved with respect to ECF No. 29.

In order to ensure that redactions are applied to ECF No. 28 that will correspond to the redactions that the Court has approved with respect to ECF No. 29, the Court orders limited unsealing of ECF No. 28 to Government and Defendant for the limited purpose of applying any redactions to ECF No. 28 that the Court has approved with respect to ECF No. 29.   The

Government and Defendant are to apply only the redactions approved by the Court with respect to ECF No. 29, and submit that redacted document for public filing within thirty (30) days of entry of this Order and Opinion.  Additionally, the sealed file did not appear to contain any of the letter exhibits submitted in connection with Defendant's sentencing submission in ECF No. 29, but in an abundance of caution, the Court does not authorize the disclosure of any exhibits to the initial sentencing submission to the extent they exist.

Accordingly, Intervenors motions are GRANTED to the extent they seek the redacted disclosure of ECF No. 28, and DENIED to the extent they seek the unredacted disclosure of ECF No. 28.

I.      *The February 19, 2020 Sentencing Transcript.*

The Government and Defendant oppose the unsealing of the Sentencing Transcript without redactions and have submitted a proposed redacted version to the Court.  Upon an in camera review of the Sentencing Transcript, the Court finds that continued sealing, *i.e.*, redaction, of *certain* information would vindicate higher interests.

- Tr. 2:17-18, Tr. 2:20-3:3, and Tr. 3:18 contains a colloquy between the Court and third parties that attended the sentencing, and references personally identifiable information of those innocent third parties.

- Tr. 13:9-16 and Tr.13:18-22 reflect personal information regarding Defendant, the disclosure of which may imperil his safety by revealing the full extent of what information he has disclosed to Government as a cooperating witness.

- Tr. 15:15-17, Tr. 15:21, Tr. 15. 23-25, Tr. 19:1-2, Tr. 19:6-25, Tr. 20:1-4, and Tr. 25:5 contain references to innocent third parties and reflects private information regarding hardships they have experienced which would invade their privacy if disclosed.  It also contains a colloquy between the Court and Defendant regarding these innocent third parties which could inferentially be used to identify the third parties and expose them to retaliation as described above.

- Tr. 16:20-21 contains a narrow redaction that would help ensure that the full extent of Defendant's cooperation is not revealed and serves the law enforcement interest of encouraging future cooperation.

15

- Tr. 17:10, Tr. 17:17-22 contains details regarding Defendant's detention and could reveal the extent of his cooperation, and accordingly its disclosure may discourage future cooperation.

- Tr. 27:25 contains a narrowly redacted detail that should not be disclosed as it may increase the likelihood that malign actors would successfully locate and retaliate against Defendant.

- Tr. 29:16-19 contains guidance from the Court to Defendant regarding innocent third parties, the disclosure of which risks both invading the privacy of those innocent third parties and exposing them to danger in the future.

On the other hand, there are references to Defendant's medical condition and personal life, which, as explained above, are not properly subject to redaction and sealing because it was introduced as a basis for sentencing advocacy. Accordingly, the following portions of the transcript are not properly redacted and cannot remain sealed.

- Tr. 9:16-19 references Defendant's medical condition by way of referencing potential conditions imposed in connection with Defendant's sentencing.

- Tr. 12:23-25, Tr. 13:3, and Tr. 17:7-8 similarly reference Defendant's medical condition and potential conditions to impose in connection with Defendant's sentencing.

- Tr. 18:9-13 contains advocacy regarding Defendant's decreased likelihood to be a recidivist based on aspects of his personal life. This information does not, on its face, endanger Defendant or imperil the disclosure of protected private information. Nor does the disclosure of this information seem to risk decreasing the likelihood that witnesses will cooperate with the Government in the future.

- Tr. 27:10-18 and Tr. 28:25-29:9 reflect the imposition of certain sentencing conditions by the Court concerning Defendant's medical condition.

The Intervenor's motions to unseal are GRANTED to the extent they seek the disclosure of a redacted copy of the guilty plea transcript and DENIED to the extent they seek the disclosure of the aforementioned redacted information which will remain under seal. The Government and Defendant are directed to submit a corrected version of the sentencing transcript containing only those redactions which have been approved by the Court for public docketing within thirty (30) days of entry of this Order and Opinion.

16

J.       *The Court's Order of Release and Judgment*

The Government does not oppose the complete unsealing of ECF No. 31, containing the Court's

Order of Release and Judgment.   Defendant takes the position that it can be unsealed provided

that any medical information contained therein is redacted.  Based on the Court's in camera

review of ECF No. 31, it has identified certain conditions of release that might inferentially speak  to

Defendant's medical condition.   But, as stated above, the Court is sympathetic to

Defendant's position that disclosure of his medical condition would potentially harm valid privacy

interests and subject him to stigma.   Nonetheless, the Court is not convinced that Defendant's

privacy interests is a higher interest than the public's right to access information bearing on a

quintessential judicial function—*i.e.*, a judicial assessment of reasonable punishment.

Accordingly, the Court does not approve of redacting and continuing to seal information relating

to Defendant's medical condition that is contained in the Order of Judgment and Release.

On the other hand, information contained in sentencing conditions that bear upon

Defendant's location and residence are clearly subject to redaction in order to ensure Defendant's

safety.  Intervenors concede as much.  Based on an in camera review of the Order of Release and

Judgment, the Court believes there is such information that must be redacted.  More specifically:

(1) the first standard condition of supervision on page 5 of the Judgment should be partially

redacted to remove any reference which could be used to infer the location of Defendant; (2) the

third special condition of supervision on page 6 should be partially redacted to remove any

reference which could be used to infer the location of Defendant.  Otherwise, ECF No. 31 may be

unsealed.

The Intervenor's motions to unseal are GRANTED to the extent they seek the disclosure

of a redacted copy of the Order of Judgment and Release (ECF No. 31) and DENIED to the extent

they seek the disclosure of the aforementioned redacted information which will remain under seal.

17

The Court also order the limited unsealing of ECF No. 31 to the Government and Defendant for the purposes of reviewing and preparing a version of ECF No. 31 redacting only the permissible redactions identified herein for the public docketing.  The Government and Defendant are directed to submit for docketing a redacted version of ECF No. 31 within thirty (30) days of entry of this Order.

### K.    *Remand Hearing Transcript*

The audio recording of the remand proceedings on February 19, 2019 was sealed, and accordingly, the Government has been unable to order a transcript of those proceedings.  The Government has requested a limited unsealing of the audio recording, so that a transcript may be prepared for the Government, the Defendant, and the Court.

The Court grants this request, and orders that the sealed audio recording shall be unsealed for the limited purpose of preparing the transcript by the Court Reporter.  Thereafter, the Court Reporters shall provide a copy of the transcript to Assistant United States Attorney Hagan Scotten, Avraham Moscowitz, the Court, and Magistrate Judge Judith C. McCarthy (so that any errata may be prepared).  It is further ordered that the audio recording shall thereafter be resealed and a certified copy of the transcript be delivered by the Clerk pursuant to 28 U.S.C. § 753(b) and remain sealed until further order of this Court.  It is further ordered that the receiving party shall not disclose the sealed contents of the transcript of the proceeding to anyone other than the representatives of the parties directly concerned with this case. Finally, the Government and Defendant are directed to submit for public docketing either an unredacted copy of the transcript, or a copy with redactions agreed upon by both parties consistent with the holdings set forth herein, <u>within thirty (30) days of receipt of the prepared remand proceeding transcript</u>.

Intervenors' motions seeking the disclosure of the remand hearing transcript is DENIED at this stage. However, the Court grants Intervenors leave to renew their motion after the Government has submitted the remand hearing transcript for docketing (*i.e.*, to the extent the transcript is redacted and Intervenors take issue with the redactions). The Court believes this approach will: (1) expedite public access to the subset of information for which there is no reasonable dispute as to whether it will endanger Defendant by obviating the need for a pre-disclosure second round of briefing; (2) preserve Intervenors' right to object to the Government or Defendant's proposed redactions, if any; and (3) enable the Government and Defendant an opportunity to evaluate the remand hearing transcript in order to consider whether they have a colorable basis to oppose full disclosure.

      L.      *Partial Denial of Intervenors' Motions is Without Prejudice to Renew Upon Defendant's Self-Disclosure of Protected Information*

Intervenor Capeci asserts on information and belief that, subsequent to Defendant's sentencing, Defendant has participated in an as-yet-unreleased interview which will be made publicly available sometime in the future. Intervenor argues that, assuming Defendant discloses various information about his personal history in that interview, it would invalidate Defendant's current assertion that such information warrants sealing in order to protect his privacy. The Court agrees that self-disclosure of Defendant's personal information in an interview would eliminate certain of the higher interests identified in this Opinion and Order with respect to certain materials that remain redacted and under seal.

While the Court partially denied Intervenors' motions, the future dissemination of Defendant's self-disclosed private information would change the Court's view as to whether higher interests continue to justify sealing of certain materials. Accordingly, Intervenors are

granted leave to renew their motions seeking the disclosure of the currently redacted material at a later date.

## CONCLUSION

For the reasons set forth herein, Intervenors' motions are GRANTED in part and DENIED in part.

Intervenors' motions are GRANTED to the extent that: (I) Intervenors seek the immediate unredacted disclosure of ECF Nos. 22 and 26; (II) Intervenors seek the partially redacted disclosure of: (1) the plea hearing transcript, (2) ECF No. 23, (3) ECF No. 24, (4) ECF No. 25, (5) Defendant's Initial Sentencing Submission (ECF No. 28); (6) Defendant's Corrected Sentencing Submission (ECF No. 29); (7) Government's Sentencing Submission (ECF No. 30); (8) the Order of Judgment and Release (ECF No. 31); and (9) the sentencing hearing transcript.

Intervenor's motions are DENIED without prejudice to the extent that: (A) Intervenors seek the disclosure of attachments to Defendant's sentencing submissions in ECF No. 28 or ECF No. 29; and (B) the unredacted disclosure of (1) the plea hearing transcript, (2) ECF No. 23, (3) ECF No. 24, (4) ECF No. 25, (5) Defendant's Initial Sentencing Submission (ECF No. 28); (6) Defendant's Corrected Sentencing Submission (ECF No. 29); (7) Government's Sentencing Submission (ECF No. 30); (8) the Order of Judgment and Release (ECF No. 31), (9) the remand hearing transcript; and (10) the sentencing hearing transcript.

Intervenor's are granted leave to renew their motion to unseal at a later date in the event that: (1) Defendant's alleged disclosure of private information to interviewers is publicly disseminated and/or (2) Intervenors take issue with the forthcoming docketed version of the remand hearing transcript.

As set forth in greater detail herein, it is further ordered that:

1. ECF Nos. 23, 24, 25, and 28 <u>shall be immediately unsealed on a limited basis</u> to Government and Defendant for the purposes of preparing redacted versions of those documents consistent with this Opinion.

2. The Government and Defendant are directed to submit for public docketing redacted versions of ECF Nos. 23, 24, 25, 28, 29, 30, and 31 as approved herein—*i.e.*, removing proposed redactions that the Court has rejected in this Opinion and Order—<u>within thirty days of entry of this Order and Opinion</u>.  Upon submission, the redacted copies of these documents will be docketed and made accessible to the public.

3. ECF Nos. 22 and 26 shall remain under seal <u>until five (5) days after entry of the Order</u> in the event that Defendant or Government seek to appeal this Opinion and request a stay of enforcement of this Order.

4. The audio transcript of the Remand Hearing transcript shall also be made immediately available to the Court Reporters for the purpose of preparing a transcript from that recording.  The Government and Defendant are ordered to submit the Remand Hearing transcript for public docketing <u>within thirty (30) days of receiving the transcript</u>.

The Clerk of the Court is kindly directed to terminate the Motion at ECF No. 33.

Dated:   December 12, 2020                          SO ORDERED:

White Plains, New York

NELSON S. ROMÁN

United States District Judge