```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   10/2/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANK PASQUA,

                 Petitioner,

  -against-

UNITED STATES OF AMERICA,

                 Respondent.

16-CR-591 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

On November 21, 2023, *pro se* Petitioner Frank Pasqua filed the instant petition for a writ of coram nobis (the "Petition") seeking to vacate a judgment of conviction in Count Six of Superseding Information S1 16 Cr. 591 (NSR), for violation of 18 U.S.C. § 924(c)(1)(A). (ECF No. 74.) Specifically, Petitioner argues that, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), the racketeering conspiracy predicate underlying his Section 924(c) conviction in Count Six of the Superseding Information is not a crime of violence, and that his attendant conviction should thus be vacated. (*Id.* at 1-2.) On December 26, 2023, the Court ordered the Government to file a responsive pleading within thirty days. (ECF No. 75.) On January 25, 2024, the Government timely filed its response in opposition to the Petition. (ECF No. 76.) On February 27, 2024, Petitioner filed a reply brief (ECF No. 79), and a letter to the Court (ECF No. 78), all of which the Court has reviewed.

For the reasons below, the Court DISMISSES the Petition in its entirety.

## FACTUAL BACKGROUND

On April 27, 2017, Petitioner was convicted, following a guilty plea before this Court of providing or possessing contraband in prison. (*See* ECF 11.) Following his August 4, 2017 allocution, he was convicted in Counts One through Six of Superseding Information S1 16 Cr. 591

(NSR), of: (1) racketeering conspiracy; (2) attempted murder in aid of racketeering activity; (3) attempted murder in aid of racketeering activity; (4) conspiracy to distribute narcotics; (5) conspiracy to distribute narcotics; and (6) discharging a firearm during and in relation to a crime of violence and a drug trafficking crime. (*See* ECF 44.) On January 6, 2021, this Court entered a judgment sentencing Petitioner to time served of 32 months' imprisonment, to be followed by 36 months' supervised release on each of his seven counts of conviction. (*See* ECF 49; Min. Entry (Jan. 6, 2021).)

On April 20, 2022, the Probation Department filed a violation report charging Petitioner with three violation specifications relating to the conditions of each of his seven terms of supervised release. On August 19, 2022, September 12, 2022, and November 30, 2022, the Probation Department filed amended reports, adding five additional violation specifications. On December 7 and 8, 2022, this Court held a revocation hearing at which it heard evidence regarding the eight violation specifications set forth in the final violation report. (*See* Min. Entries (Dec. 7 and 8, 2022).) Following the hearing, the Court found Petitioner guilty of all eight violation specifications, and, after revoking each of his seven terms of supervised release, sentenced him to a total term of sixty-seven months' imprisonment. (*See* ECF 66.)

On November 21, 2023, while serving his sentence, the Petitioner filed the instant Petition for a writ of coram nobis. (*See* ECF No. 74.)

## LEGAL STANDARD

A writ of error coram nobis is available under the All Writs Act, 28 U.S.C. § 1651, as a "remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Fleming v. United States,* 146 F.3d 88, 89–90 (2d Cir. 1998) (per curiam); *see also United States*

*v. Mandanici,* 205 F.3d 519, 524 (2d Cir. 2000); *United States v. Foti,* No. 00 Cr. 320, 2001 WL 736777, at *2 (S.D.N.Y. June 29, 2001). In *Carlisle v. United States*, the Supreme Court explained that a writ of *coram nobis* "was traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." 517 U.S. 416, 429 (1996) (quoting *United States v. Mayer,* 235 U.S. 55, 67–68 (1914)). The writ is "not a substitute for appeal, and relief under the writ is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Mandanici,* 205 F.3d at 524 (internal quotation marks omitted). Accordingly, "if a statute 'specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" *Miles v. United States,* No. 07-CR-00890 (ARR), 2019 WL 3069756, at *1 (E.D.N.Y. July 12, 2019) (internal citation omitted).

When considering a petition for a writ of coram nobis, the Court "must presume that the proceedings were correct and the burden of showing otherwise rests on the petitioner." *Mandanici,* 205 F.3d at 524. "[T]o obtain coram nobis relief a petitioner must demonstrate that 1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Fleming,* 146 F.3d at 90 (internal quotation marks omitted). Finally, the writ is traditionally used when a petitioner has already served his sentence "and is no longer in custody for purposes of a habeas petition under 28 U.S.C. § 2255." *See United States v. LaPorta*, 20 F. Supp. 2d 530, 534 (W.D.N.Y. 1998) (cleaned up).

**DISCUSSION**

Petitioner has not satisfied—and cannot satisfy—his burden of establishing entitlement to a writ of coram nobis. As explained by the Second Circuit, coram nobis is a remedy for petitioners who are "no longer in custody" pursuant to a criminal conviction. *See Kovacs v. United States,* 744 F.3d 44, 49 (2d Cir. 2014). In other words, "[a] prerequisite for the writ's use is that the defendant must have completely served his sentence," *Dixon v. United States*, No. 14-CV-960 KMK, 2015 WL 851794, at *8 (S.D.N.Y. Feb. 27, 2015) (quoting *United States v. Dos Santos,* 979 F. Supp. 949, 951 (E.D.N.Y. 1997)), "and is no longer in custody pursuant to that conviction," *United States v. Viertel,* No. 01 Cr. 571–3, 2012 WL 1604712, at *1 (S.D.N.Y. May 8, 2012), *aff'd,* 505 Fed. App'x 40 (2d Cir. 2012). It is this Court's understanding, however, that Petitioner is currently incarcerated and that he has been incarcerated at all times since December 8, 2022, the date on which he was sentenced by the Court. (*See* Min. Entry (Dec. 8, 2022).) As a result, his request is procedurally barred, and he is not entitled to relief pursuant to a writ of coram nobis. *See, e.g., United States v. Henry,* 205 F.3d 1325, at *1 (2d Cir. 2000) (summary order) ("Henry is still serving his 151–month sentence for the challenged conviction. Therefore, on the face of the petition, he is barred from seeking coram nobis relief."); *Canini v. United States*, No. 04 CR. 283 PAC, 2015 WL 4509684, at *2 (S.D.N.Y. July 24, 2015) ("Canini is not entitled to *coram nobis* relief because he is incarcerated on a sentence of imprisonment."); *United States v. Barnes*, No. 09 CR 1053 SAS, 2014 WL 1621476, at *1 n.9 (S.D.N.Y. Apr. 22, 2014) ("Because Barnes is still in custody, a writ of *coram nobus* is not available to him."); *Stewart v. United States,* 2013 WL 4044756, at *9 (S.D.N.Y. Aug. 9, 2013) ("Because the petitioner in this case is still in custody serving [his] sentence [he] is not entitled to a writ of *coram nobis.*"); *United States v. Ramirez,* No. 98 CRIM. 927, 2012 WL 11280, at *3 (S.D.N.Y. Jan. 3, 2012) (denying petition for writ of coram

nobis where petitioner was still in custody); *United States v. Sanchez*, No. 03 CR. 965 SHS, 2010 WL 5222131, at *1–2 (S.D.N.Y. Dec. 22, 2010) (holding that "because [defendant] is still in custody, the writ [of coram nobis] is unavailable to him."); *United States v. Moulton*, No. 89 CR 0865 (ILG), 2008 WL 11411391, at *1 n.1 (E.D.N.Y. June 23, 2008) ("Because Moulton is still in federal custody, such relief [pursuant to a writ of coram nobis] is not available to him."), *aff'd*, 379 F. App'x 88 (2d Cir. 2010); *cf. United States v. Novak*, 181 F.3d 83, 83 (2d Cir. 1999) (summary order) ("Since [petitioner] is no longer in custody, he is not, on the face of his petition, barred from seeking coram nobis relief.").

On March 2, 2023, before filing the instant Petition, Petitioner filed a notice of appeal (ECF No. 67), which, as of the date of this Opinion and Order, remains pending. The filing of that appeal (and any avenue for collateral relief by means of a writ of habeas corpus) is the proper procedural vehicle for an incarcerated individual like Petitioner. *See Garcia v. United States*, No. 97 CIV. 2962 (PKL), 2009 WL 484435, at *3 (S.D.N.Y. Feb. 24, 2009). By contrast, relief under the All Writs Act is "limited to issuing writs where they are not otherwise covered by statute." *United States v. Mason*, No. 96 CR. 126 (JFK), 2019 WL 1594244, at *2 (S.D.N.Y. Apr. 15, 2019). Petitioner is still in federal custody and, thus, could seek alternative relief, as evidenced by his direct appeal.[1]

Because Petitioner's request is deficient as a matter of law, "the Court need not reach the remainder of the parties' arguments regarding Petitioner's claimed entitlement to this writ." *See Dong Qi Ming v. United States*, No. 09 CIV. 745 RJS DF, 2013 WL 2397674, at *4–5 (S.D.N.Y. May 31, 2013); *see also Garcia*, 2009 WL 484435, at *4 (denying petition for writ of coram nobis

---

[1] Petitioner's pending appeal, the "determination of [which] may render collateral attack unnecessary," provides an additional, discretionary ground for the Court to decline to entertain his coram nobis Petition. *See United States v. Deutsch*, 321 F. Supp. 1356, 1357 (S.D.N.Y.), *aff'd*, 451 F.2d 98 (2d Cir. 1971).

where petitioner was still in custody and therefore declining to address merits of petition). A writ of coram nobis is not available to Petitioner at this time and, accordingly, the Court dismisses his Petition.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES Petitioner's petition for a writ of coram nobis. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 74, and to send a copy of this Opinion and Order to Petitioner at Federal Correctional Institution Tucson, P.O. Box 23811, Tucson, Arizona 85734, and to show service on the docket.

SO ORDERED.

Dated:  October 2, 2024
        White Plains, New York

                                                    _____
                                                            NELSON S. ROMÁN
                                                         United States District Judge